

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-84,462-05, 84,462-06, 84,462-07 & 84,462-08

**EX PARTE DYWAN SHENILLE BROOKS, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR31009-B, CR31010-B, CR31011-B & CR31012-B
IN THE 253RD DISTRICT COURT
FROM LIBERTY COUNTY**

*Per curiam.*

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest, tampering with evidence, and two counts of possession of a controlled substance. He was sentenced to twenty years' imprisonment on each count. The Ninth Court of Appeals affirmed his convictions. *Brooks v. State*, Nos. 09-15-00290-CR, 09-15-00291-CR, 09-15-00292-CR & 09-15-00293-CR (Tex. App.—Beaumont June 15, 2016) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to subpoena video footage

from an Exxon gas station. He also contends that the State failed to disclose this video footage in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Brady v. Maryland*, 373 U.S. 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and the prosecutor to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether video footage from an Exxon station exists, counsel was deficient for not subpoenaing this video footage, and Applicant was prejudiced. The trial court shall also make findings and conclusions as to whether the State possessed video footage from an Exxon station and failed to disclose it, and whether it was favorable and material. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  July 26, 2017
Do not publish